NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ERA FRANCHISE SYSTEMS, INC., ) <br> a Delaware Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> HOME AND LAND, INC., f/d/b/a ERA ) <br> HOME AND LAND, INC., and JAMES ) <br> WERN, an individual, ) <br> ) <br> Defendants. ) | Hon. Harold A. Ackerman <br><br> Civil Action No. 06-1526 (HAA) <br><br> **OPINION AND ORDER** |

Tricia B. O'Reilly, Esq.
Sarah B. Blumberg, Esq.
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
*Attorneys for Plaintiff*

**ACKERMAN, Senior District Judge:**

      This matter comes before the Court on the request of Plaintiff ERA Franchise Systems, Inc. ("ERA") for damages and attorneys' fees. In an Opinion and Order filed on December 18, 2006, this Court granted default judgment in favor of ERA. This Court issued injunctive relief and awarded damages for Membership Fees in the amount of $30,341.29. However, this Court reserved decision on any awards for Lanham Act monetary damages and for reasonable attorneys' fees and costs, and ordered ERA to submit additional documentation to support these items. ERA has timely submitted a Supplemental Affidavit in support of its claim for infringement damages pursuant to the Lanham Act, and also filed a Certification of Services with

1

descriptive time entries in support of its request for fees and costs. The defaulted Defendants, Home and Land, Inc. ("Home & Land") and James Wern, have not responded to ERA's submissions.

*Analysis*

**I.      Lanham Act Damages**

ERA seeks damages for infringement under the Lanham Act based on Home & Land's continued use of the ERA marks post-termination. The Lanham Act provides that the court "shall, unless the court finds extenuating circumstances, enter judgment for three times" profit or damages. 15 U.S.C. § 1117(b). ERA alleges that "[i]n the absence of discovery, ERA has no ability to ascertain the amount of defendants' gross revenue during the period of infringement and thereby cannot ascertain what Membership Fees would have been due ERA based on that revenue." (Iuliano Supp. Aff. ¶ 5.) In its supplemental filing, ERA provides an "estimate" based on "the average Membership Fees paid by defendants on their reported gross revenue" for the period between April 1, 2000 and March 31, 2001. (*Id.* ¶ 6.) ERA estimates, based on calculations supported by documentary evidence, that Defendants would have paid Membership Fees in the total amount of $121,393.08 for the 46-month period of infringement from October 15, 2001 through August 17, 2005. Treble damages based on this amount total $364,179.24.

After careful review, this Court accepts ERA's calculation as a reasonable and supported estimate of its damages. The Court finds no extenuating circumstances warranting the denial of treble damages. Therefore, the Court will award ERA Lanham Act damages in the amount of $364,179.24.

## II.     Attorneys' Fees and Costs

The Lanham Act allows for recovery of reasonable attorneys' fees. 15 U.S.C. § 1117(b). In determining the reasonableness of a fee request, the Third Circuit has adopted the "lodestar" method, by which the Court multiplies the number of hours reasonably expended by counsel by a reasonable hourly rate. *See, e.g., Washington v. Philadelphia Cty. Court of Common Pleas*, 89 F.3d 1031, 1035 (3d Cir. 1996). The party seeking attorney fees bears the burden to prove the reasonableness of the fee request. *Rode v. Dellarsciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). The Court may not make a finding of reasonableness based on a generalized sense of appropriateness, but must rely on the record. *Evans v. Port Auth. of N.Y. and N.J.*, 273 F.3d 346, 361 (3d Cir. 2001) (quoting *Smith v. City of Philadelphia Housing Auth.*, 107 F.3d 223, 225 (3d Cir. 1997)).

Connell Foley LLP, representing ERA, has submitted documents supporting its application for attorneys' fees and costs. Even though Defendants have not objected to ERA's requests, the Court has carefully reviewed all of Plaintiff's submissions. The Third Circuit has admonished district courts that "fee requests [must] be subjected to a thorough and searching analysis" with a line-by-line examination of the request to ensure that time expended by counsel was reasonable and not duplicative or excessive. *Evans*, 273 F.3d at 362.

Connell Foley requests $3,810.60 in attorneys' fees and $692.40 in costs. This Court has carefully reviewed, *in camera*, the itemized fees and costs submitted by Connell Foley LLP and concludes that they are reasonable. Therefore, this Court will order Defendants to pay Connell Foley LLP $3,810.60 in attorneys' fees and $692.40 in costs, for a total of $4,503.00.

### *Conclusion and Order*

For the foregoing reasons, it is hereby ORDERED that this Court's judgment filed December 18, 2007 is hereby AMENDED. In addition to the relief set forth in this Court's December 18, 2007 Opinion and Order, it is hereby ORDERED that ERA has judgment against Home & Land and James Wern, jointly and severally, in the amount of $364,179.24 for Lanham Act damages. It is hereby further ORDERED that Defendants Home & Land and James Wern pay Connell Foley LLP $4,503.00 in attorneys' fees and costs for its representation of ERA in this matter.

Dated: February 22, 2007
Newark, New Jersey

                                                                   s/Harold A. Ackerman
                                                                   U.S.D.J.